# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ROCIO GARCIA GONZALEZ,

    Petitioner,

    v.                                No. 2:26-cv-00851-SMD-GBW

TODD BLANCHE,[1] *et al.*,

    Respondents.

## **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Doc. 1. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is **GRANTED**.

## **BACKGROUND**

Petitioner Rocio Garcia Gonzalez, a citizen of Mexico, is currently in the custody of Immigration and Customs Enforcement ("ICE") at the Otero County Processing Center in Chaparral, New Mexico. Doc. 1 ¶ 10. Petitioner has resided in the United States for approximately twenty years. *Id.* ¶ 2. She is now married to a United States citizen and has two children, both of whom are United States citizens. *Id.* ¶ 20. ICE detained Petitioner when she appeared at a scheduled immigration hearing on October 29, 2025 and she has remained in its custody since. *Id.* ¶ 6. Petitioner has a shoplifting offense for which she paid a fine and received no custodial sentence. *Id.* ¶ 22.

Petitioner was placed in removal proceedings and sought cancellation of removal. After an immigration judge denied the relief, Petitioner filed an appeal, which remains pending. *Id.* ¶ 25.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the case caption shall be updated to reflect that Todd Blanche is the Acting Attorney General of the United States. All future filings should be in the name of the substituted party.

Petitioner challenges her ongoing detention as a violation of, inter alia, the Fifth Amendment and the Administrative Procedure Act. *Id.* ¶¶ 64–76.

**DISCUSSION**

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

I.    Statutory Framework: 8 U.S.C §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission." *Id*. at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *See id.* at 306.

Sections 1225(b)(2)(A) and 1226(a) are mutually exclusive in that both provisions cannot simultaneously govern Petitioner's detention. *E.g.*, *Romero v. Hyde*, 795 F. Supp. 3d 271, 286 (D. Mass. 2025); *see also, Patel v. Crowley*, No. 25-cv-11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434, at *4 (E.D.N.Y. Oct. 5, 2025).

Section 1226(a), rather than § 1225(b)(2), governs Petitioner's detention because she was "already present in the United States" at the time of her arrest. *Jennings*, 583 U.S. at 303. Petitioner has resided in the United States since 2005 and was detained in the U.S. interior. Doc. 1 ¶ 6, 20. She is therefore not subject to the mandatory detention provisions of § 1225, which apply to those seeking admission, specifically noncitizens who present at a port of entry or are apprehended immediately after entering. Petitioner is instead entitled to a bond hearing under § 1226(a). *See Aragon v. Noem*, No. 2:26-CV-00065, 2026 WL 458449, at *2 (D.N.M. Feb. 18, 2026); *Cortez-Gonzalez v. Noem*, ___ F. Supp. 3d ___, 2025 WL 3485771, at *3 (D.N.M. Dec. 4, 2025); *Velasquez Salazar v. Dedos*, No. 1:25-cv-00835-DHU-JMR, 2025 WL 2676729, at *4 (D.N.M. Sept. 17, 2025); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *3 (D.N.M. Nov. 14, 2025); *see also Figuera v. Ripa*, No. 26-CV-20307-JB, 2026 WL 467569, at *5 (S.D. Fla. Feb. 19, 2026); *Wuilmer v. Noem*, No. 25-CV-3236 (NEB/JFD), 2026 WL 458457, at *3 (D. Minn. Feb. 18, 2026); *Villatoro v. Ripa*, No. 2:26-CV-00213-SPC-DNF, 2026 WL 452432, at *1 (M.D. Fla. Feb. 18, 2026).

II.      <u>The Government's Detention of Petitioner Violates Her Fifth Amendment Rights</u>

The Court finds that Petitioner's continued detention violates her Fifth Amendment rights. Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. Oct. 15, 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that

3

the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."
*Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore v. Kim*, 538 U.S. 510, 527 (2003). As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify continued detention mounts. *Id*. at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

The Government has offered neither a justification nor a formal process for the deprivation of Petitioner's protected liberty interest. ICE detained Petitioner during a routine check-in appointment, effectively penalizing the very compliance the agency required. While the Court recognizes that the length of residency does not constitute legal authorization to remain in the country, the prevailing interpretation of Sections 1225 and 1226, both by this Court and a majority of courts nationwide, indicates that noncitizens apprehended within the U.S. interior are entitled to certain constitutional procedural safeguards.

The United State's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Petitioner possesses a protected liberty interest in remaining free from detention and was deprived of that interest without constitutionally adequate process.

The Government concedes that the material facts of this case are similar from those in *Martin Ramirez v. Noem*, No. 2:26-cv-00063-SMD-GJF, 2026 WL 381869, at *7 (D.N.M. Feb. 11, 2026). *See* Doc. 9 at 2. Furthermore, the Government acknowledges that *Martin Ramirez*

controls the outcome here should the Court adhere to that precedent. *See id.* Because Respondents have offered no independent legal basis for continued custody, Petitioner is entitled to relief pursuant to § 2241. *See Martin Ramirez*, 2026 WL 381869; *Cortez-Gonzalez*, 2025 WL 3485771, at *3.

**CONCLUSION**

It is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;

2) Respondents shall release Petitioner within 24 hours of this Order being entered;

3) Respondents shall facilitate Petitioner's transportation from the detention facility by notifying Petitioner's counsel when and where she can be collected, and by providing all necessary identity and travel documents to return to her primary address;

4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

5) Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

6) Respondents **SHALL NOT** remove Petitioner to any third country to which she does not have a removal order without first providing her with constitutionally compliant procedures;

5

7) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

**IT IS SO ORDERED**.

_____

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**